UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAOISE CONNOLLY RYAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 23-3815 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's June 24, 2024 Minute Order, the U.S. Department of Justice ("Defendant" or "Agency"), and specifically its component, the Criminal Division; and Plaintiffs—families of victims of who died in two crashes in 2018 and 2019 involving Boeing 737 Max airlines—respectfully submit this joint status report advising the Court as to the status of this matter, whether any disputes remain between the parties and, if so, proposing a schedule to govern further proceedings.

**A. Whether any disputes remain between the parties.**

*Plaintiffs' Statement*: As the Plaintiffs previously reported in the June 24 status report, disputes likely remain between the parties. The families still wish to receive and review records responsive to their FOIA request, including communications between the Criminal Division and Boeing's lawyers relating to the negotiation of the Deferred Prosecution Agreement. Although, as discussed below, the parties are working to reach agreement on a revised and narrowed set of search terms, even with a narrower universe of documents there are likely to be disputes about whether some or all of the responsive documents are subject to any exemptions. *See, e.g.*, O'Keefe Decl. ¶ 21 [ECF No. 8-1] (taking the position that "it is likely that the [returned] records may be

1

exempt from disclosure pursuant to FOIA Exemption (7)(A)" and invoking other exemptions as well).

**Defendant's Statement:** Although Plaintiffs contend that disputes likely remain between the parties, Plaintiffs express only the usual claim that they still want the records sought by their FOIA request. In any event, as Defendant has previously reported, the Criminal Division continues to process Plaintiffs' request by conducting further searches to narrow the results of its initial search and has indicated that it would comply with Plaintiffs' request. As discussed in more detail below, given the size of the results of the Criminal Division's initial search, the parties have mutually agreed to engage in efforts to further narrow the scope of the search and possibly Plaintiffs' request. The fact that the Criminal Division intends to apply appropriate exemptions under FOIA to records it processes is not in dispute and Plaintiffs' projected dispute over these exemptions is otherwise premature.

### B. The status of this matter

In this FOIA case, Plaintiffs seek to compel the release of information responsive to a FOIA request submitted in August 2022. Plaintiffs' FOIA request seeks approximately fifty categories of records (thirty-four categories plus sixteen sub-categories) related to the government's investigation and prosecution of the Boeing Company ("Boeing") following the two 737 Max airline crashes. Plaintiffs filed the instant lawsuit on December 23, 2023. *See* Compl., ECF No. 1; ECF No. 4. For reasons stated on the record at a hearing on March 1, 2024, the Court denied Plaintiffs' motion for preliminary injunction, *see* Mar. 1, 2024, Min. Entry, and Defendant answered the Complaint on March 15, 2024. *See* Answer, ECF No. 12.

As the parties previously reported, the Criminal Division's search for responsive records consisted of three parts: (1) an electronic search of emails of identified Criminal Division custodians; (2) a search of specified folders on a shared Criminal Division network drive; and

(3) accessing a Criminal Division electronic review database containing potentially responsive records. The email search resulted in approximately 184,000 potentially responsive emails (which totals approximately 1.2 million pages), which have been loaded into an electronic review platform for de-duplication and further review. The electronic review database has been accessed and contains over thirty terabytes of data. Earlier efforts by the parties to narrow the results of the Criminal Division's electronic search of emails (Part 1 of the Criminal Division's search) using additional search terms did not prove very effective. Accordingly, on June 3, 2024, the Criminal Division recommended to Plaintiff that the parties engage in further efforts to narrow the results of this search before the Criminal Division could start processing records and make rolling determinations.

On June 18, 2024, Plaintiffs, via counsel, proposed a more targeted search for records, focusing on communications between the Criminal Division and Boeing's counsel from 2019 until January 2021. On June 20, 2024, Defendant responded with additional questions and clarification regarding Plaintiffs' proposal, to which Plaintiffs, via counsel, responded on July 12, 2024. On July 25, 2024, Defendant responded confirming that based on the parties' earlier communications, the parties appeared to have reached a preliminary agreement to narrow the scope of the request to cover only certain communications described in paragraphs 6-11 of Plaintiffs' request, subject to confirmation from the Criminal Division as to whether this further search would prove effective at narrowing the results of its search. The parties reached several other preliminary agreements regarding parameters to use for narrowing the scope of the Criminal Division's search including its date range and location of search.

Once the Criminal Division gathers the result of a further search according to the parties' preliminary terms of agreement, the parties will continue to confer, via counsel, to discuss the

details of any further efforts, if necessary, to revise the Criminal Division's search. Thus, the parties continue to confer on the scope of Plaintiff's request and the Criminal Division's search to find ways to narrow the results of the Defendant's search for responsive records.

### C. Proposed schedule

The parties will continue to confer on the details of the Criminal Divisions further revised search as soon as possible in order to narrow the scope of that search to a more manageable result for the Criminal Division to begin processing. In light of the foregoing, the parties request to file a further Joint Status Report by September 13, 2024.

Respectfully submitted,

*/s/ Gregory M. Lipper*
GREGORY M. LIPPER (D.C. Bar #494882)
Lipper Law PLLC
1325 G Street NW, Suite 500
Washington, DC 20005
(202) 996-0919
glipper@lipperlaw.com

*Counsel for Plaintiffs*

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Anna D. Walker*
ANNA D. WALKER
Assistant United States Attorney
United States Attorney's Office
Civil Division
601 D Street, N.W.
Washington, DC 20530
(202) 252-2544
Anna.Walker@usdoj.gov

*Counsel for the United States of America*

Dated: August 6, 2024