UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAOISE CONNOLLY RYAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 23-3815 (BAH) |

**JOINT STATUS REPORT**

Pursuant to this Court's September 17, 2024 Minute Order, the U.S. Department of Justice ("Defendant" or "Agency"), and specifically its component, the Criminal Division; and Plaintiffs—families of victims of who died in two crashes in 2018 and 2019 involving Boeing 737 Max airlines—respectfully submit this joint status report advising the Court as to the status of this matter, whether any disputes remain between the parties and, if so, proposing a schedule to govern further proceedings.

**A. Whether any disputes remain between the parties.**

*Plaintiffs' Statement*: As the Plaintiffs reported in the previous updates, disputes likely remain between the parties. The families still wish to receive and review records responsive to their FOIA request, including communications between the Criminal Division and Boeing's lawyers relating to the negotiation of the Deferred Prosecution Agreement. Although, as discussed below, the parties have agreed to focus the search on a narrower universe of documents, even that smaller set of documents is likely to result in disputes about whether some or all of the responsive documents are subject to any exemptions. *See, e.g.*, O'Keefe Decl. ¶ 21 [ECF No. 8-1] (taking the

1

position that "it is likely that the [returned] records may be exempt from disclosure pursuant to FOIA Exemption (7)(A)" and invoking other exemptions as well).

***Defendant's Statement*:** Although Plaintiffs contend that disputes likely remain between the parties, Plaintiffs express only the usual claim that they still want the records sought by their FOIA request. In any event, as Defendant has previously reported, and as indicated below, the Criminal Division continues to process Plaintiffs' request by conducting further searches, consistent with the terms of a narrowing agreement reached between the parties in July and any other narrowing agreements and has indicated that it would comply with Plaintiffs' request. The fact that the Criminal Division intends to apply appropriate exemptions under FOIA to records it processes is not in dispute and Plaintiffs' anticipated dispute over these exemptions is otherwise premature.

### B. The status of this matter

In this FOIA case, Plaintiffs seek to compel the release of information responsive to a FOIA request submitted in August 2022, which seeks approximately fifty categories of records (thirty-four categories plus sixteen sub-categories) related to the government's investigation and prosecution of the Boeing Company ("Boeing") following the two 737 Max airline crashes. Plaintiffs filed the instant lawsuit on December 23, 2023. *See* Compl., ECF No. 1; ECF No. 4. For reasons stated on the record at a hearing on March 1, 2024, the Court denied Plaintiffs' motion for preliminary injunction, *see* Mar. 1, 2024, Min. Entry, and Defendant answered the Complaint on March 15, 2024. *See* Answer, ECF No. 12.

On July 25, 2024, the parties reached a preliminary agreement to narrow the scope of the request to cover only certain communications described in paragraphs 6-11 of Plaintiffs' request, subject to confirmation from the Criminal Division as to whether this further search would prove effective at narrowing the results of its search. The parties also reached several other preliminary

agreements regarding parameters to use for narrowing the scope of the Criminal Division's search including its date range and location of search. Consistent with the terms of the parties' preliminary agreements, the Criminal Division conducted a supplemental search, which identified approximately 51,000 records, not including attachments. Although these results proved effective at narrowing the Criminal Division's initial search results, the figure is still high. The parties agreed to further narrow these results to search for only communications that included certain custodians in the "to" and "from" fields.

Since the parties' last joint status report, the Criminal Division completed the further search to isolate for communications containing certain custodians in the "to" and "from" fields. After further consolidation, deduplication, and email threading, the Criminal Division narrowed the results of its search to 5,400 records, not including attachments. The parties are conferring to determine whether this result is a manageable result now for processing, or whether further narrowing may be required.

### C. Proposed schedule

In light of the foregoing, the parties request to file a further Joint Status Report by December 11, 2024.

|  |  |
|---|---|
| | Respectfully submitted, |
| */s/ Gregory M. Lipper* <br> GREGORY M. LIPPER (D.C. Bar #494882) <br> Lipper Law PLLC <br> 1325 G Street NW, Suite 500 <br> Washington, DC 20005 <br> (202) 996-0919 <br> glipper@lipperlaw.com <br><br> *Counsel for Plaintiffs* | MATTHEW M. GRAVES, D.C. Bar. #481052 <br> United States Attorney <br><br> BRIAN P. HUDAK <br> Chief, Civil Division <br><br> By:   */s/ Anna D. Walker* <br>      ANNA D. WALKER <br>      Assistant United States Attorney <br>      United States Attorney's Office <br>      Civil Division <br>      601 D Street, N.W. <br>      Washington, DC 20530 <br>       (202) 252-2544 <br>      Anna.Walker@usdoj.gov <br><br> *Counsel for the United States of America* |

Dated: October 29, 2024

4