UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAOISE CONNOLLY RYAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 23-3815 (SLS) |

**JOINT STATUS REPORT**

Pursuant to this Court's December 13, 2024 Minute Order, the U.S. Department of Justice ("Defendant" or "Agency"), and specifically its component, the Criminal Division; and Plaintiffs—families of victims of who died in two crashes in 2018 and 2019 involving Boeing 737 Max airlines—respectfully submit this joint status report advising the Court as to the status of this matter, whether any disputes remain between the parties and, if so, proposing a schedule to govern further proceedings.

**A.  Whether any disputes remain between the parties.**

*Plaintiffs' Statement*: As the Plaintiffs reported in the previous updates, disputes likely remain between the parties. The families still wish to receive and review records responsive to their FOIA request, including communications between the Criminal Division and Boeing's lawyers relating to the negotiation of the Deferred Prosecution Agreement. Although, as discussed below, the parties have agreed to focus the search on a narrower universe of documents, even that smaller set of documents is likely to result in disputes about whether some or all of the responsive documents are subject to any exemptions. *See, e.g.*, O'Keefe Decl. ¶ 21 [ECF No. 8-1] (taking the

1

position that "it is likely that the [returned] records may be exempt from disclosure pursuant to FOIA Exemption (7)(A)" and invoking other exemptions as well).

***Defendant's Statement*:** Although Plaintiffs contend that disputes likely remain between the parties, Plaintiffs express only the usual claim that they still want the records sought by their FOIA request. In any event, as Defendant has previously reported, and as indicated below, the Criminal Division has continued to process Plaintiffs' request by conducting further searches, consistent with the terms of a narrowing agreement reached between the parties in July 2024 and any further narrowing agreements and has proposed providing Plaintiffs with a random sample of the records gathered as a result of its search. At bottom, the Criminal Division maintains that it is complying with Plaintiffs' request. The fact that the Criminal Division intends to apply appropriate exemptions under FOIA to records it processes is not in dispute and Plaintiffs' anticipated dispute over these exemptions is otherwise premature.

### B. The status of this matter

In this FOIA case, Plaintiffs seek to compel the release of information responsive to a FOIA request submitted in August 2022, which seeks approximately fifty categories of records (thirty-four categories plus sixteen sub-categories) related to the government's investigation and prosecution of the Boeing Company ("Boeing") following the two 737 Max airline crashes. Plaintiffs filed the instant lawsuit on December 23, 2023. *See* Compl., ECF No. 1; ECF No. 4. For reasons stated on the record at a hearing on March 1, 2024, the Court denied Plaintiffs' motion for preliminary injunction, *see* Mar. 1, 2024, Min. Entry, and Defendant answered the Complaint on March 15, 2024. *See* Answer, ECF No. 12.

On July 25, 2024, the parties reached a preliminary agreement to narrow the scope of the request to cover only certain communications described in paragraphs 6-11 of Plaintiffs' request, subject to confirmation from the Criminal Division as to whether this further search would prove

effective at narrowing the results of its search. The parties also reached several other preliminary agreements regarding parameters to use for narrowing the scope of the Criminal Division's search including its date range and location of search. Consistent with the terms of the parties' preliminary agreements, the Criminal Division conducted a supplemental search, which identified approximately 51,000 records, not including attachments. Although these results proved effective at narrowing the Criminal Division's initial search results, the figure is still high. The parties agreed to further narrow these results to search for only communications that included certain custodians in the "to" and "from" fields. After completing this further supplemental search, the Criminal Division was able to narrow the results of the search to approximately 5,400 records (approximately 30,000 pages) not including attachments and approximately 7,700 records (approximately 51,000 pages) including attachments.

To process these records as efficiently as possible, the Criminal Division offered to pull and process a random sample of total responsive records gathered from its search to produce to Plaintiffs. Plaintiffs agree with this approach and the parties are conferring on the parameters of that sample.

### C. Proposed schedule

In light of the foregoing, the parties request to file a further Joint Status Report by March 7, 2025, to further apprise the Court as to the status of this case.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>

*/s/ Gregory M. Lipper*
GREGORY M. LIPPER (D.C. Bar #494882)
Lipper Law PLLC
1325 G Street NW, Suite 500
Washington, DC 20005
(202) 996-0919
glipper@lipperlaw.com

*Counsel for Plaintiffs*

</td><td>

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Anna D. Walker*
    ANNA D. WALKER
    Assistant United States Attorney
    United States Attorney's Office
    Civil Division
    601 D Street, N.W.
    Washington, DC 20530
    (202) 252-2544
    Anna.Walker@usdoj.gov

*Counsel for the United States of America*

</td></tr>
</table>

Dated: January 17, 2025